UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-21-S

**DANIEL COBBLE**
                                                            **PLAINTIFF**

v.

**TIMOTHY GEITHNER, Secretary,**
**U.S. DEPT. of the TREASURY,** *et al.*                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' motion to dismiss. The matter is ripe for review. For the reasons set forth below, the Court will grant Defendants' motion and dismiss this action because it lacks subject-matter jurisdiction.

In December 2010, Cobble filed this action in the Jefferson Circuit Court. As Defendants he named Timothy Geithner, Secretary of the U.S. Department of the Treasury, and Phyllis Pyles, Director of the Torts Branch of the U.S. Department of Justice. Cobble sued Defendants in their official capacities. Cobble's complaint is styled "Petition for Release on Lien," and attempts to collect on a purported debt resulting from "a tort claim demanding restitution for egregious injuries suffered by Cobble caused by officials of the United States."

The tort claim is based upon Cobble's allegations of false imprisonment by the United States. The complaint further alleges that Federal District Judge Amul R. Thapar improperly denied Cobble's claims in federal court. The United States subsequently removed the action to this Court. It now moves to dismiss the action for lack of jurisdiction.[1] For the reasons that

---

[1] Defendants also assert other substantive reasons why the action should be dismissed. Because the Court concludes that it lacks jurisdiction, it would be improper to consider the substantive arguments raised by Defendants. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (explaining that once a Court has determined that it lacks subject matter jurisdiction, the Court should not proceed any further).

follow, the Court will grant Defendants' motion to dismiss.

The United States removed this case to federal court pursuant to 28 U.S.C. 1442(a)(1).[2] That fact in and of itself, however, does not mean that the Court acquired subject-matter jurisdiction over this action. The derivative-jurisdiction doctrine recognizes that in cases removed to federal court, a federal court's jurisdiction is derivative of that of the state court. *Minnesota v. United States*, 305 U.S. 382, 389 (1939). Consequently, if the state court where the action was originally filed lacked jurisdiction over the subject matter or the parties, the federal court also lacks jurisdiction upon removal of the action. This is true even if the federal court would have had jurisdiction had the action originally been filed in federal court. *Id.*; *see also Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998). Congress overruled the doctrine of derivative jurisdiction for actions removed under 28 U.S.C. § 1441. However, the doctrine is still intact with regard to cases removed under § 1442. *See Taylor v. United States*, No. 06-2-C, 2006 U.S. Dist. LEXIS 53217 at *4 (W.D. Ky. July 18, 2006).

Plaintiff sues Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). Thus, Cobble's claims are effectively brought against the United States federal government. *Id.* The United States, a sovereign, is

---

[2]This section provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>   (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

immune from suit except to the extent that it has consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Cobble's claim in this case sounds in tort and falls within the scope of the Federal Tort Claims Act. The United States has not consented to being sued in state court under the FTCA. To the contrary, federal courts have exclusive jurisdiction over FTCA suits. 28 U.S.C. § 1346(b)(1).

The United States removed this case pursuant to § 1442. Because the state court lacked subject-matter jurisdiction over the case, this Court did not acquire jurisdiction upon removal. Accordingly, by separate Order, the Court will dismiss this action for lack of subject-matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4411.008